UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-02191-JVS-ADSx | Date | February 5, 2019 |
| Title | Rachel Wong v. Costco Wholesale Corp., et al. | | |

Present: The Honorable **James V. Selna**

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Granting Plaintiff's Motion to Remand**

Plaintiff Rachel Wong ("Wong") filed a motion to remand. Mot., Dkt. 10. Defendant Costco Wholesale Corp. ("Costco") filed an opposition. Opp'n, Dkt. 12. Wong replied. Reply, Dkt. 13.

For the following reasons, the Court **grants** Wong's motion to remand.

## I. BACKGROUND

This case arises from Wong's alleged slip-and-fall on or about December 15, 2016. Complaint, Dkt. 1-2, Ex. A. Following the incident, Wong filed suit against Costco in Orange County Superior Court on February 2, 2018 for negligence and premises liability. Id.

On September 6, 2018, Wong's counsel sent a written demand in the amount of $495,000 in exchange for a release of all claims. Ellis Decl., Dkt. 10-3, Ex. B at 12. Costco did not accept this offer to settle. See id.

On September 19, 2018, Wong's counsel sent an email to Costco's counsel stating that Wong's medical costs-to-date were $21,110.11, her lost wages were $9,821.36, and her future medical costs were conservatively estimated at $60,000. Id. at 8–11. This estimate did not include non-economic damages. Id. at 11.

On December 5, 2018, Wong's counsel served a C.C.P. Section 998 Offer to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-02191-JVS-ADSx | Date | February 5, 2019 |
| Title | Rachel Wong v. Costco Wholesale Corp., et al. | | |

Compromise in the amount of $250,000. Shirdel Decl., Dkt. 1-1 ¶ 7.

On December 12, 2018, Costco removed the case to federal court on the basis of diversity jurisdiction. Not., Dkt. 1. Wong filed a motion to remand on the basis that removal was untimely. Mot., Dkt. 10.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). Notice of Removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). If the initial pleading is not removable, the defendant has thirty days from receipt of a "pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." (Id.)

According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992).

## III. DISCUSSION

**A.    Remand**

Wong argues that the case should be remanded to Orange County Superior Court because Costco's removal was untimely. Wong indicates that Costco had been on notice

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:18-cv-02191-JVS-ADSx                         Date  February 5, 2019

Title     Rachel Wong v. Costco Wholesale Corp., et al.

that the amount in controversy was above $75,000 since Wong had proposed a settlement offer of $495,000 on September 6, 2018. Costco then removed the case on December 12, 2018, which was 96 days after Wong's written demand; thus, Wong states that Costco removed the case well past the 30 day time limit. Mot., Dkt. 10 at 6–7.

Costco instead contends that its removal was timely because it removed the case one week after receiving Wong's C.C.P. Section 998 Offer to Compromise in the amount of $250,000 on December 5, 2018. Opp'n, Dkt. 12 at 1. While Costco acknowledges receipt of the $495,000 written demand on September 6, 2018, it argues that such a demand was so unreasonably large that any removal by Costco in the wake of such an offer would have been in bad faith. Id. Costco points out that Wong's December 5th offer to settle was significantly lower than the initial written demand from September, as the amount was nearly cut in half; thus, Costco suggests that the difference between the offers itself suggests that the initial offer was unreasonable. Id. at 2. In addition, Costco states that based on the information that Wong had provided about her damages, Costco would not have known that the amount in controversy would have exceeded $75,000. Id. at 3–4. Thus, Costco argues that its removal was timely because it waited until it received a paper that provided a *reasonable* basis to believe that the amount in controversy exceeded $75,000 such that a federal court would have diversity jurisdiction over the case.

The Court disagrees with Costco. Costco has cited no case law indicating that Wong's September 6, 2018 written demand would not qualify as a "paper" under 28 U.S.C. § 1446, and the amount of the written demand clearly exceeded $75,000. Further, even assuming that the September 6 written demand was unreasonably large, Wong's counsel corresponded with Costco's defense counsel on September 19, 2018 indicating that Wong's past medical bills were $21,110.11, lost wages were 9,821.36, and her future medical bills were conservatively set at $60,000, which together totals an estimated $90,931.47. Ellis Decl., Dkt. 10-3, Ex. B at 8–11. Thus, if Costco were concerned that removal based on the September 6th written demand would somehow fall short of reasonability, Wong's indication on September 19th that her economic damages *alone* exceeded the jurisdictional minimum by over $15,000 surely would have eliminated that concern. Accordingly, the Court **grants** Wong's motion to remand. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:18-cv-02191-JVS-ADSx                    Date  February 5, 2019

Title  Rachel Wong v. Costco Wholesale Corp., et al.

plaintiff's claim.").

## B.  Attorneys' Fees

"[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Wong argues that attorneys' fees should be granted in this case because Costco's purpose in pursuing its untimely removal was to delay the parties' upcoming February 25, 2019 trial date and to delay Wong's discovery.  Mot., Dkt. 10 at 13.  Wong's counsel has an hourly rate of $500, and spent seven hours preparing the motion to remand and estimated that two hours of work would be required to review the opposition brief and draft a reply brief.  Ellis Decl., Dkt. 10-1 ¶ 17.

Costco instead contends that even if remand is granted, Costco removed the case in good faith on the basis that the latest settlement offer provided a reasonable basis for removal.  Opp'n, Dkt. 12 at 5.  Costco likewise represents that any delay in discovery was not purposeful, but rather was a result of the requests for depositions being made near Christmas when a major retailer like Costco would find such demands most difficult since it falls near the holiday season.  Id.

The Court grants in part Wong's request for attorneys' fees.  Costco's removal of the case either 96 days or 83 days after it received a "paper" alerting it that the amount in controversy exceeded $75,000 is evidence that its decision to remove was unreasonable.  Accordingly, the Court in its discretion awards Wong $4500, the amount of attorneys' fees incurred for filing this motion to remand and accompanying reply brief.[1]

## IV. CONCLUSION

---

[1] The Court calculates that a total of nine hours was reasonably spent preparing the motion and accompanying reply.  Since the Court decides this motion without oral argument, the Court need not award fees for attending oral argument.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-02191-JVS-ADSx | Date | February 5, 2019 |
| Title | Rachel Wong v. Costco Wholesale Corp., et al. | | |

For the foregoing reasons, the Court **grants** Wong's motion to remand the case to Orange County Superior Court and **grants** Wong's attorneys' fees of $4500. The Court further finds that oral argument would not be helpful in this matter and vacates the February 11, 2019 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |